FILED

MAY 26 2004

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARC EDWARD BOWMAN,

        Plaintiff,        CIV S-03-1650 MCE PAN PS

    v.

                              FINDINGS AND RECOMMENDATION

JACKSON RANCHERIA; U.S.
DEPARTMENT OF INTERIOR, GALE
NORTON SECRETARY; BUREAU OF
INDIAN AFFAIRS; and DOES 1
through 10, Inclusive,

        Defendants.

—oOo—

    Plaintiff, proceeding pro se, commenced this action August 5, 2003, alleging violations of his federal constitutional rights stemming from termination of plaintiff's blackjack play by defendant Jackson Rancheria at its casino. All defendants have moved to dismiss. Plaintiff does not oppose the motions.[1]

    Plaintiff alleges he was forbidden from playing blackjack at

---

[1] Plaintiff did not oppose Jackson Rancheria's motion to dismiss. Plaintiff requested and was granted additional time to oppose the federal defendants' motion to dismiss, but failed to file an opposition.

the Jackson Rancheria casino because employees believed he had been counting cards while playing blackjack, effectively "stacking the deck" in favor of the casino and against such players.

Plaintiff seeks a preliminary injunction, and a permanent injunction enjoining Jackson Rancheria from denying him the right to play blackjack on its premises; an order declaring any and all compacts, regulatory procedures, and gaming ordinances entered into between the defendants unconstitutional deprivations of plaintiff's rights; and actual damages of $250,000 from each defendant.

For the reasons explained below, persons who visit Indian gaming casinos generally have no recourse to federal district courts for any misfortune they may there encounter, let alone lost gaming opportunity as a result of the rules, however arbitrary, that skew the chance of winning to make money for Indian tribes.

Defendant Jackson Rancheria moves to dismiss for lack of subject matter and personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(2).

Jackson Rancheria of Me-Wuk Indians of California is a federally recognized Indian tribe. See Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs, 67 Fed. Reg. 46328, 46329 (July 12, 2002).[2]

---

[2] The Federally Recognized Indian Tribes List Act of 1994, 25 U.S.C. §§ 479a–479a-1, establishes the means by which the United States formally identifies federally recognized Indian tribes. The Act provides the United

2

It is well-settled as a matter of federal law Indian tribes are "subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." Kiowa Tribe of Oklahoma v. Mfg. Techs., Inc., 523 U.S. 751, 754 (1998). See also Three Affiliated Tribes of Fort Berthold Reservation v. Wold Eng'g, 476 U.S. 877, 890 (1986); Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978); United States v. United States Fid. & Guar. Co., 309 U.S. 506, 512 (1940).

Congress has restricted tribal immunity in a few circumstances, including a limited waiver of immunity for gaming activities under the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. § 2701, et seq.[3] Kiowa Tribe, 523 U.S. at 758 (citing 25 U.S.C. § 2710(d)(7)(A)(ii)). The relevant IGRA provision provides the United States district courts jurisdiction over "any cause of action *initiated by a State or Indian tribe* to enjoin a class III gaming activity located on Indian lands and conducted in violation of any Tribal-State compact... ." 25 U.S.C. § 2710(d)(7)(A)(ii) (emphasis added). However, the Supreme Court later invalidated the provision as beyond Congress' authority to waive a state's Eleventh Amendment sovereign immunity. Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996). Further, the

---

States Secretary of the Interior "shall publish in the Federal Register a list of all Indian tribes which the Secretary recognizes to be eligible for the special programs and services provided by the United States to Indians because of their special status as Indians." 25 U.S.C. § 479a-1(a).

[3] The IGRA was enacted "to provide a statutory basis for the operation of gaming by Indian tribes as a means of promoting tribal economic development, self-sufficiency, and strong tribal governments." 25 U.S.C. § 2702(1).

3

IGRA provides no private cause of action against a federally recognized tribe. Hartman v. The Kickapoo Tribe Gaming Comm'n, 176 F. Supp. 2d 1168, 1175 (D.Kan. 2001).

Defendant tribe Jackson Rancheria has not waived its immunity, nor has Congress authorized such suit. Therefore, plaintiff has failed to state a claim against defendant Jackson Rancheria. Accordingly, I recommend defendant Jackson Rancheria's motion to dismiss be granted.

Defendants Department of the Interior, Gale Norton, and Bureau of Indian Affairs (the "federal defendants") argue plaintiff's complaint should be dismissed because (1) plaintiff has failed to serve defendants pursuant to Federal Rule of Civil Procedure 4, (2) has not stated a claim against any of the federal defendants, (3) the Jackson Rancheria tribe is a necessary and indispensable party that cannot be joined due to tribal immunity, and (4) plaintiff has failed to plead exhaustion of administrative remedies.

The federal defendants argue plaintiff has failed to state a claim against them because he only mentions defendant Secretary approved Jackson Rancheria's gaming compact and made only "conclusory allegations" against the federal defendants.

Federal defendants' sparse argument plaintiff failed to state a claim is better understood in context of the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. § 2701, et seq. Congress enacted the IGRA "to meet congressional concerns regarding gaming and to protect such gaming as a means of generating tribal

revenue." 25 U.S.C. § 2702. The IGRA established within the Department of the Interior a National Indian Gaming Commission (NIGC). 25 U.S.C. § 2704. The Chairman of the NIGC has the power, among other things, to approve tribal ordinances regulating class III gaming, which includes blackjack. 25 U.S.C. §§ 2703(7)(B)(I), (8) and 2705(a)(3).

Class III gaming activities are lawful on Indian lands only if they are authorized by an ordinance that is adopted by the governing body of the Indian tribe that has jurisdiction over the land, meets the class II gaming requirements, and is approved by the NIGC Chairman; located in a state that permits class III gaming by any person or entity; and are conducted in conformance with a Tribal-State compact pursuant to 25 U.S.C. § 2710(d)(3). 25 U.S.C. § 2710(d)(1). Section § 2710(d)(3)(A) provides "[a]ny State and any Indian tribe may enter into a Tribal-State compact governing gaming activities on the Indian lands of any tribe, but such compact shall take effect only when the notice of approval by the Secretary [of the Interior] of such compact has been published by the Secretary in the Federal Register."

Therefore, class III gaming by an Indian tribe must be permitted by a Tribal-State compact, approved by the Secretary of the Interior, and regulated by a gaming ordinance approved by the NIGC Chairman.

In his complaint, plaintiff alleges the Secretary of the Interior approved the Jackson Rancheria compact and the NIGC Chairman approved the gaming ordinance adopted by Jackson

5

Rancheria. Plaintiff seeks an order declaring the compact, regulatory procedures, and ordinances entered into unconstitutional violations of plaintiff's rights, liberties, and immunities.

Plaintiff's claim against the federal defendants could be construed as a claim under <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). See <u>Hartman</u>, 176 F. Supp. 2d at 1178, *aff'd*, 319 F.3d 1230 (10th Cir. 2003). To state a Bivens claim, which applies to constitutional violations by federal officials, plaintiff "must set forth facts detailing deprivation of federally protected rights performed by a federal agent under the color of federal law." <u>Id</u>. at 1178-79 (quoting <u>Lawson v. Liburdi</u>, 114 F. Supp. 2d 31, 37 (D.R.I. 2000)).

Plaintiff does not allege in his complaint facts regarding the deprivation of his federally protected rights by the Secretary of the Interior or the NIGC Chairman. In fact, plaintiff simply claims that the Secretary and Chairman approved the compact and ordinance that regulates Jackson Rancheria gaming. Plaintiff "has provided no support for the allegation that []he has a federally protected right in the approval of an ordinance by the NIGC" or approval of a compact by the Secretary and such a right has not been recognized by any court. <u>Hartman</u>, 319 F.3d at 1233 (quoting <u>Hartman</u>, 176 F. Supp. 2d at 1179).

Therefore, I find plaintiff has failed to state a claim against defendants U.S. Department of the Interior or Secretary Gale Norton.

6

Defendant Bureau of Indian Affairs (BIE) is not alleged to nor does it have any connection to the approval of compacts or ordinances regarding Indian gaming. Therefore, I find plaintiff has failed to state a claim against the BIE.[4]

In summary, I find plaintiff has failed to state a claim for which relief can be granted against any of the defendants. Accordingly, I recommend plaintiff's claims against all defendants be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case. 28 U.S.C. § 636(b)(1). Written objections may be filed within twenty days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 26, 2004.

_____
Peter A. Nowinski
Magistrate Judge

---

[4] Federal defendants also argue plaintiff failed to serve them within the time requirements of Federal Rule of Civil Procedure 4(m) and failed to assert he has exhausted his federal administrative remedies prior to commencing this action. The federal defendants further argue defendant Jackson Rancheria, who should be dismissed due to tribal sovereign immunity, is a necessary and indispensable party to this action. However, because I find plaintiff has failed to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), these arguments need not be addressed.

United States District Court
for the
Eastern District of California
May 26, 2004

* * CERTIFICATE OF SERVICE * *

2:03-cv-01650

Bowman

v.

Jackson Rancheria

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on May 26, 2004, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

Marc Edward Bowman  TM/PAN
PO Box 171
Rail Road Flat, CA  95248  AS/MCE

Anthony Cohen
Clement Fitzpatrick and Kenworthy
P O Box 1494
3333 Mendocino Avneue
Santa Rosa, CA  95402

Debora G Luther
United States Attorney
501 I Street
Suite 10-100
Sacramento, CA  95814

Jack L. Wagner, Clerk

BY: _____
Deputy Clerk